FILED

January 08, 2010

CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0002335144

**3**

1  MICHAEL P. DACQUISTO, ESQ.
State Bar Number 84894
2  1901 Court Street
Redding, California 96001
3
Telephone:  (530) 244-6007
4  Fax:           (530)-244-0907

5  Attorney for John Reger, Chapter 7 Trustee

6

7

8                    UNITED STATES BANKRUPTCY COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  In re:                                      NO. 08-38031-C-7

12  J.K. KEAS, INC.                         DCN:      MPD-14

13
              _____Debtor_____/       Date:     February 9, 2010
14                                               Time:     9:30 a.m.
                                                 Place:    Courtroom 35, Dept C
15                                                          501 I Street, 6th Floor
                                                          Sacramento, CA 95814
16

17     TRUSTEE'S MOTION FOR ORDER AUTHORIZING ABANDONMENT OF REAL

18     PROPERTY DESCRIBED AS A SINGLE FAMILY HOME LOCATED AT 18625

19  EMERSON ROAD, RED BLUFF, CALIFORNIA, TEHAMA COUNTY APN 009-450-34

20         John Reger (hereafter "Reger") the chapter 7 trustee in this case submits the

21  following for the court's consideration in connection with his motion for an order authorizing

22  abandonment of the bankruptcy estate's interest in real property described as approximately

23  226 acres of vacant land on Jelly's Ferry Road, Tehama County APN 009-120-29 (hereafter

24  "Property").

25     I. STATEMENT OF FACTS

26         These proceedings were instituted when the debtor J.K. Keas, Inc. filed a chapter 11

27  petition on December 8, 2008. The case was converted to chapter 7 on March 10, 2009 and

28  Reger was appointed the trustee.

1    One of the assets of the debtor is the Property. The Property is an old vacant single

2    family home with an old non producing orchard on it. After filing Reger hired Ken Robison of

3    Re Max Properties to list, market and sell the Property at a price of $249,000.00. The

4    Property has a delinquent note secured by a first deed of trust in the original sum of

5    $175,000.00 recorded in July 2007 against it. No interest has been paid on the note from

6    July 2007 through the present date. The Property has unpaid real property tax liens of

7    approximately $5,000.00 recorded against it. The sales efforts to date have not led to one

8    offer to purchase the Property. The amounts owed on the note and for property taxes

9    continue to increase. There may be capital gains taxes owed by the bankruptcy estate if the

10   property is voluntarily sold or sold through foreclosure.

11   The real estate broker, Ken Robison, believes that the Property cannot generate an

12   offer sufficient to pay all liens, costs of sale and leave any funds for the bankruptcy estate.

13   Reger concurs with this assessment. The note holders are not interested in a short sale.

14   Based on these facts the Property needs to be abandoned. It is burdensome to the

15   estate and is of inconsequential value and benefit to the estate.

16   **II. MEMORANDUM OF POINTS AND AUTHORITIES**

17   **THE COURT MAY AUTHORIZE ABANDONMENT OF ESTATE PROPERTY THAT**

18   **IS BURDENSOME TO THE ESTATE OR THAT IS OF INCONSEQUENTIAL VALUE AND**

19   **BENEFIT TO THE ESTATE.**

20   Abandonment of bankruptcy estate property by the case trustee is governed by 11

21   U.S.C. §554(a) which states:

22   "(a) After notice and a hearing, the trustee may abandon any

23   property of the estate that is burdensome to the estate or that is

24   of inconsequential value and benefit to the estate." 11 U.S.C.

25   §554(a)

26   Here Reger has filed and served this motion and the appropriate notice. As set forth

27   above and in Reger's declaration filed herewith, the Property is burdensome to the

28   bankruptcy estate and is of inconsequential value and benefit to the estate. The Property

cannot be sold for more than is owed against it. The note holders are not amenable to a short sale. Sale of the Property may generate substantial capital gains tax liability for the bankruptcy estate without any funds available to pay that liability. Based on these facts this Property needs to be abandoned back to the debtor.

### III. CONCLUSION

Based on the language of 11 U.S.C. §554(a) and the declaration of Reger filed herewith this court should authorize abandonment of the Property back to the debtor because it is burdensome to the estate and is inconsequential value and benefit to the estate.

Date: January 7, 2010

/s/ Michael P. Dacquisto
MICHAEL P. DACQUISTO,
Attorney for Chapter 7 Trustee,
JOHN REGER