MICHAEL P. DACQUISTO, ESQ.
State Bar Number 84894
1901 Court Street
Redding, California 96001

Telephone: (530) 244-6007
Fax: (530)-244-0907

Attorney for John Reger, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | NO. 08-38031-C-7 |
| J.K. KEAS, INC. | DCN: MPD-13 |
| _____Debtor_____ / | Date: February 9, 2010<br>Time: 9:30 a.m.<br>Place: Courtroom 35, Dept C<br>501 I Street, 6th Floor<br>Sacramento, CA 95814 |

### TRUSTEE'S MOTION FOR ORDER AUTHORIZING ABANDONMENT OF REAL PROPERTY DESCRIBED AS APPROXIMATELY 226 ACRES OF VACANT LAND ON JELLY'S FERRY ROAD, TEHAMA COUNTY APN 009-120-29

John Reger (hereafter "Reger") the chapter 7 trustee in this case submits the following for the court's consideration in connection with his motion for an order authorizing abandonment of the bankruptcy estate's interest in real property described as approximately 226 acres of vacant land on Jelly's Ferry Road, Tehama County APN 009-120-29 (hereafter "Property").

### I. STATEMENT OF FACTS

These proceedings were instituted when the debtor J.K. Keas, Inc. filed a chapter 11 petition on December 8, 2008. The case was converted to chapter 7 on March 10, 2009 and Reger was appointed the trustee.

One of the assets of the debtor is the Property. The debtor had been negotiating a sale of the Property with the Bureau of Land Management (hereafter "BLM"), prior to filing its bankruptcy petition. After filing Reger met with the BLM and undertook efforts to sell the Property to the BLM. That required, among other things, hiring an appraiser who was on an accepted list of BLM appraisers to value the Property.

The appraiser just completed his evaluation of the Property. The value obtained from the appraisal was less than the amount owed by the debtor on a delinquent promissory note secured by a first deed of trust recorded against the Property. The holders of the note are not interested in a short sale. In addition to lack of equity, if the Property is sold, either voluntarily or through a subsequent foreclosure, a substantial capital gains tax obligation would be incurred by the bankruptcy estate. The estate does not have sufficient funds in it to pay this potential tax obligation.

Based on these facts the Property needs to be abandoned. It is burdensome to the estate and is of inconsequential value and benefit to the estate.

## II. MEMORANDUM OF POINTS AND AUTHORITIES

**THE COURT MAY AUTHORIZE ABANDONMENT OF ESTATE PROPERTY THAT IS BURDENSOME TO THE ESTATE OR THAT IS OF INCONSEQUENTIAL VALUE AND BENEFIT TO THE ESTATE.**

Abandonment of bankruptcy estate property by the case trustee is governed by 11 U.S.C. §554(a) which states:

> "(a) After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. §554(a)

Here Reger has filed and served this motion and the appropriate notice. As set forth above and in Reger's declaration filed herewith, the Property is burdensome to the bankruptcy estate and is of inconsequential value and benefit to the estate. The Property cannot be sold for more than is owed against it. The note holders are not amenable to a

short sale. Sale of the Property will generate substantial capital gains tax liability for the bankruptcy estate without any funds available to pay that liability. Based on these facts this Property needs to be abandoned back to the debtor.

### III. CONCLUSION

Based on the language of 11 U.S.C. §554(a) and the declaration of Reger filed herewith this court should authorize abandonment of the Property back to the debtor because it is burdensome to the estate and is inconsequential value and benefit to the estate.

Date: January 7, 2010

/s/ Michael P. Dacquisto
MICHAEL P. DACQUISTO,
Attorney for Chapter 7 Trustee,
JOHN REGER